FILED

**NOT FOR PUBLICATION**

JUL 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30328 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06017-EFS-1 |
| v. | |
| ASHONE MIKAH HOLLINQUEST, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted June 7, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Ashone Hollinquest was charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He pled guilty, pursuant to a conditional plea that preserved his right to appeal the district court's denial of his motion to suppress.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In this case, police officers were called to the scene by Miguel Montijo, a Red Lion Hotel employee. Montijo told the dispatcher that he had heard some people say that a man had a gun. ER 173. Montijo reported that the man was wearing a blue shirt, was in the parking lot, and had arrived there in a burgundy SUV. ER 173. Montijo told police that the man had just pulled up to the hotel and that he had not brandished or displayed a weapon. ER 173. This call was insufficient to establish reasonable suspicion of any past, present, or future criminal activity. *See Florida v. J.L.*, 529 U.S. 266 (2000).[1] When the police arrived at the scene, hotel security pointed at Hollinquest's burgundy SUV. The police officers saw Hollinquest, who was wearing a blue shirt, engaged in a verbal dispute with a group of people, and he made two pointing or jabbing motions at the group with a finger on his left hand; his right hand "appeared to be near his waistband." ER 7. These facts did nothing to change the police officers' initial

---

[1]Contrary to the dissent's contention, the circumstances in this case are not "similar" to *Adams v. Williams*, 407 U.S. 143 (1972) . In fact, as the Supreme Court said in that case, "[t]he informant was known to him [the officer] personally and had provided him with information in the past. This is a stronger case than obtains in the case of an anonymous telephone tip. The informant here came forward personally to give information that was immediately verifiable at the scene." *Id.* at 146. By contrast, in this case, the informant was still at the scene but he never came forward personally and he was never interviewed. Moreover, there is no indication that the police officers even knew that he was at the scene when they arrived, nor any indication that he had provided information to the police in the past or that the police officers knew him personally.

lack of reasonable suspicion of criminal activity. Therefore, the *Terry* stop was unlawful and the evidence seized during the stop must be suppressed.[2]

**REVERSED and REMANDED.**

---

[2]We do not reach Hollinquest's de facto arrest argument, nor do we decide whether he properly preserved that argument before the district court.

*U.S. v. Hollinquest*, Case No. 10-30328
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent.  In my view, this case is not the same as one involving a classic anonymous tip.  The person who reported to Montijo that there was a man with a gun was still present when the police arrived.  In similar circumstances, the United States Supreme Court has upheld a determination that reasonable suspicion existed.  *See Adams v. Williams*, 407 U.S . 143, 147 (1972) (holding that reasonable suspicion exists when the information is "immediately verifiable at the scene . . . .").  The police officers in this case did absolutely nothing wrong.  Indeed, it is likely that their timely arrival prevented a shooting.  Because I would uphold the district court's denial of the motion to suppress, I respectfully dissent.